UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JENNINGS,

    Plaintiff,

v.                                                 Case No. 8:25-cv-535-CEH-NHA

RUEBARUE, INC.

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

I respectfully recommend that the District Court grant the parties' Amended Joint Motion to Approve their Settlement Under the Fair Labor Standards Act ("FLSA") (Doc. 24).

**I.    Background**

Defendant Ruebarue, LLC hired Plaintiff Michael Jennings as a business development representative in 2022. Complaint (Doc. 1) ¶¶ 3, 8; Answer (Doc. 8) ¶¶ 3, 8, 10. Plaintiff worked for Defendant until 2023 or 2024. Complaint (Doc. 1), ¶ 3; Answer (Doc. 8), ¶¶ 3, 8, 10.

Plaintiff later filed a single-count complaint in this Court, suing Defendant for failing to pay him overtime wages during his employment, in violation of the Fair Labor Standards Act. Complaint (Doc. 1).

Specifically, Plaintiff alleged that, during his employment he was a "non-exempt" employee, meaning that the FLSA required that he be paid one-and-one-half times his regular rate for all hours worked beyond 40 hours in a workweek. Compl. (Doc. 1), ¶¶ 9, 18. He alleged he regularly worked more than 40 hours in a single workweek, but that Defendant failed to pay him one-and-one-half times his regular rate as required under the FLSA. *Id.* ¶ 24. Accordingly, Plaintiff sought to recover his overtime wages, an equal amount as liquidated damages, and attorneys' fees and costs. *Id.* p. 8.

In its answer, Defendant stated that Plaintiff was an independent contractor and, therefore, was not entitled to the protections of the FLSA. Answer (Doc. 8).

At an August 4, 2025 mediation, the Parties agreed to a settlement (Doc. 17), and subsequently submitted a proposed agreement (Doc. 24-1) for review.

Within the FLSA Settlement Agreement, Defendant agrees to pay Plaintiff a total of $16,000, of which $4,750 is for unpaid wages, $4,750 is for liquidated damages, and $6,500 is for attorney's fees and costs. Doc. 24-1, ¶ 3. Plaintiff agrees, in turn, to "release Defendant of and from any and all claims under the FLSA brought or which could have been brought in the above styled lawsuit." Doc. 24-1, ¶ 4. The Parties represent the fees were negotiated separately from and without regard to Plaintiff's unpaid wages and liquidated damages. Doc. 24 p. 3.

## II. Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An employer who violates the FLSA must generally pay the damaged employee (1) unpaid wages, (2) an equal amount as liquidated damages, and (3) attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), private lawsuits to recover back wages under the FLSA may be settled only with the approval of the district court. Under *Lynn's Food Stores*, the parties to an FLSA settlement must present their agreement to the court for a fairness evaluation. *Id.* at 1353. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307–08 (11th Cir. 2013).

To measure a settlement's fairness. Courts look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions

3

of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that a settlement of FLSA litigation "reflect[s] a reasonable compromise of disputed issues." *Lynn's Food Stores*, 679 F.2d at 1354.

Additionally, when a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The parties may demonstrate the reasonableness of the attorney's fee by either: (1) using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Discussion

I find the proposed settlement to be a fair and reasonable compromise.

In considering the settlement amount, I note there is no evidence of collusion. The parties independently calculated overtime hours owed and the risk and cost of litigation, mediated, and were eventually able to reach settlement. Doc. 29 p. 2. Plaintiff settled for $4,750 in unpaid wages and $4,750

4

in liquidated damages (Doc. 24-1 ¶ 3), which is less than his original demand (Doc. 24 p. 1). But, without a settlement, the parties would have been obligated to continue discovery, possibly engage in dispositive motions practice, and try the case. Thus, the parties would have incurred significant legal expenses, and Plaintiff would have risked receiving nothing.

Considering the foregoing, and the strong presumption favoring settlement, I conclude the settlement amount is fair and reasonable.

I also find the agreed-upon fees to be reasonable. The parties agree as to the reasonableness of the fees and costs and assert that the amount was negotiated separately and without regard to Plaintiff's claims. Doc. 24 p. 3. This is sufficient to establish the reasonableness of fees paid to Plaintiff's counsel, and that Plaintiff's recovery was not adversely affected by the amount of fees paid to Plaintiff's counsel. *See Bonetti*, 715 F. Supp. 2d at 1228.

Turning to the non-monetary provisions, I note that the limited scope of the Agreement's FLSA release provision (Doc. 24-1 at ¶ 4 (releasing "any and all claims under the FLSA . . .") allays any concern that Plaintiff may be giving up an unknown-but-valuable claim that is wholly unrelated to a wage related claim. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (Merryday, J.) (striking "a pervasive release in settlement of an FLSA action" as being "both unfair and incapable of valuation."). I also note that the parties separately negotiated a mutual general release (Doc. 24-1 at p. 7). *See*

*Karichkowsky v. Crafty Crab St. Pete Inc.*, No. 8:24-CV-676-CPT, 2024 WL 5047181, at *2 (M.D. Fla. Dec. 9, 2024) (approving an agreement with a reciprocal general release and collecting cases to demonstrate "a number of courts have approved [] non-cash concessions in FLSA settlement agreements where they were negotiated for separate consideration and/or applied to both sides.").

## IV. Conclusion

For these reasons, I respectfully recommend that the District Court grant the Parties' Joint Motion to Approve their Settlement Under the FLSA (Doc. 24).

SUBMITTED in Tampa, Florida, on September 15, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.